FILED
CLERK
10:45 am, Sep 04, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
DAWN SUTTER,

                Plaintiff,

    -against-

JOSEPH DIBELLO, CAPTAIN, in his official and personal capacities; JOHN POSILLIPO, CAPTAIN, in his official and personal capacities; FERN FISHER, in her official and personal capacities; JOHN DEMARCO, MAJOR, in his official and personal capacities; NEW YORK STATE UNIFIED COURT SYSTEM, OFFICE OF COURT ADMINISTRATION; JOHN BROWN, SERGEANT, in his official and personal capacities; MICHAEL DEMARCO, MAJOR, in his official and personal capacities; and KEITH BROWN, in his official and personal capacities,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:18-cv-00817 (ADS) (AKT)

**SPATT, District Judge**:

The Plaintiff brings this action for declaratory, injunctive and equitable relief, compensatory, liquidated and punitive damages, litigation costs and attorneys' fees for *inter alia*, defamation, race discrimination and retaliation allegedly suffered by her during her employment by the Defendants in violation of and pursuant to 42 U.S.C §1981, Title VII, New York State Human Rights Law, New York Executive Law § 296, *et seq.* ("NYSHRL"), and New York City Human Rights Law, New York City Administrative Code §§ 8-101, *et seq.* and 107 ("NYCHRL").

On March 29, 2019, the Court referred to United States Magistrate Judge A. Kathleen Tomlinson motions to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of

1

the Federal Rules of Civil Procedure filed by (1) Defendants Joseph DiBello, John Posillipo, Michael DeMarco and Keith Brown and (2) Defendant Fern Fisher.

On August 12, 2019, Judge Tomlinson issued a Report and Recommendation ("R&R") recommending that:

> Defendants' motions to dismiss Plaintiff's Amended Complaint be GRANTED, and the Amended Complaint be DISMISSED. As to which claims should be dismissed with prejudice and which claims Plaintiff should be allowed to re-plead, the Court respectfully recommends as follows:
>
> (1) With respect to Defendants' motions to dismiss pursuant to Rule 12(b)(1), the Court recommends that these motions be GRANTED such that all claims in the Amended Complaint raised against UCS and the Individual Defendants in their official capacities, except for Plaintiff's Title VII claims, be dismissed, with prejudice.
>
> (2) With respect to Defendants' motions to dismiss pursuant to Rule 12(b)(6), the Court recommends that:
>
>> (a) with respect to Plaintiff's first and fourth causes of action, as well as Plaintiff's ADA claims contained in her ninth cause of action, Defendants' motions to dismiss be GRANTED, and these claims be dismissed, with prejudice;
>>
>> (b) with respect to Plaintiff's claims (i) for race and sex discrimination, retaliation, and hostile work environment pursuant to Title VII as set forth in her ninth cause of action, (ii) her FMLA claims also contained in her ninth cause of action, (iii) her Section 1983 claims as set forth in her sixth cause of action, (iv) her Section 1981 claims as set forth in her fifth cause of action, (v) her NYSHRL claims as set forth in her second cause of action, (vi) her NYCHRL claims as set forth in her third cause of action, (vii) her claim for civil assault as set forth in her eighth cause of action, Defendants' motions to dismiss be GRANTED, and these claims be dismissed, without prejudice.
>>
>> (c) with respect to Plaintiff's false imprisonment claims as set forth in the seventh cause of action, the motion to dismiss be GRANTED, with prejudice.

R&R at 55-56. Judge Tomlinson electronically served a copy of the R&R on all parties the same day.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Court grants the Defendants' motions to dismiss with leave to re-plead as recommended by the R&R. The Plaintiff is directed to file a Second Amended Complaint consistent with the R&R no later than 30 days from the issuance of this order.

**SO ORDERED**.

Dated: Central Islip, New York

September 4, 2019

                                            /s/ Arthur D. Spatt

                                            ARTHUR D. SPATT

                                            United States District Judge